# IN THE UNITED STATES COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

ENERGY ACUITY, LLC, a Colorado limited liability company,

    Plaintiff,

v.

BLUENRGY, LLC, a Florida limited liability company,

    Defendant.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff Energy Acuity, LLC, by and through its undersigned counsel, and for its Complaint (the "Complaint") against Defendant BlueNRGY, LLC, states and alleges as follows:

### I. PARTIES

1. Plaintiff Energy Acuity, LLC ("Energy Acuity") is a Colorado limited liability company with its principal place of business located in Denver, Colorado.

2. Upon information and belief, Defendant BlueNRGY, LLC ("BlueNRGY") is a Florida limited liability company with its principal place of business located in Fort Lauderdale, Florida.

### II. JURISDICTION AND VENUE

3. The Court may exercise subject matter jurisdiction over the claims set forth in this complaint pursuant to 28 U.S.C. §§ 1331 and 1338.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because, among other things, a substantial portion of the events giving rise to the claims asserted herein occurred in this

judicial district and a substantial part of the property that is the subject of this action is situated in this judicial district.

## GENERAL ALLEGATIONS

5. Energy Acuity licenses a service that provides information and data that can be used for research, strategic planning, business development, sales, and market intelligence (the "Product").

6. Energy Acuity's licensees access the Product via the website Energy Acuity owns and operates, http://www.energyacuity.com (the "Website"). The Product provides Energy Acuity's licensees with access to a continuously-updated, categorized database of information that is highly searchable. The Product also provides Energy Acuity's licensees with the option to create and print customized reports that contain information from the database.

7. In the normal course of its business, Energy Acuity registered key components of the Product for copyright protection (the "Copyrighted Work").

8. On May 20, 2014, Energy Acuity and BlueNRGY entered into a Software and Data License Agreement (the "Agreement").

9. Pursuant to the terms of the Agreement, Energy Acuity agreed to license the Product, including the Copyrighted Work, to BlueNRGY in exchange for BlueNRGY's agreement to pay Energy Acuity an annual license fee.

10. From the time the Agreement was executed, BlueNRGY regularly used and benefited from the Product, including the Copyrighted Work.

11. The Agreement had an initial term of one year, which covered the period from May 20, 2014 until May 19, 2015 (the "First Term").

12. In exchange for use of the Product during the First Term, BlueNRGY agreed to pay Energy Acuity a license fee (the "Initial License Fee").

13. BlueNRGY failed to pay the entire Initial License Fee.

14. Pursuant to the terms of the Agreement, the Agreement renewed for another term of one year, which covered the period from May 20, 2015 until May 19, 2016 (the "Second Term").

15. In exchange for use of the Product during the Second Term, BlueNRGY agreed to pay Energy Acuity a license fee (the "Renewal License Fee").

16. BlueNRGY did not pay the Renewal License Fee when it was due and owing.

17. Energy Acuity has made multiple demands, both oral and written, upon BlueNRGY for payment of the Renewal License Fee.

18. Despite Energy Acuity's demand for payment, BlueNRGY has not paid the Renewal License Fee.

19. BlueNRGY's continued failure to pay the Initial License Fee and the Renewal License Fee constitutes a breach of the Agreement.

20. BlueNRGY has continued to access Energy Acuity's website, to use the Product, including the Copyrighted Work, and to generate large quantities of proprietary reports, despite not having a valid license to access the Copyrighted Work.

21. BlueNRGY improperly used the Product, including the Copyrighted Work, and generated proprietary reports from the Website without Energy Acuity's authorization after the Agreement was breached.

22. BlueNRGY generated several hundred reports using the Product, including the Copyrighted Work, after the Agreement was breached.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement)

23. Plaintiff Energy Acuity hereby incorporates the allegations set forth in paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24. Energy Acuity has properly registered and owns or controls the copyright and/or exclusive online distribution rights to the Copyrighted Work and, as such, the Copyrighted Work belongs to Energy Acuity.

25. Energy Acuity has the exclusive right to reproduce the Copyrighted Work, prepare derivative works based upon the Copyrighted Work and distribute the Copyrighted Work, including by rental, lease or lending, pursuant to 17 U.S.C. § 106. Energy Acuity exercised its exclusive rights to the Copyrighted Work by, among other things, agreeing to allow BlueNRGY to access Energy Acuity's website to use the Product, including the Copyrighted Work, in exchange for a monetary fee.

26. BlueNRGY has refused to pay the monetary fee it owes to Energy Acuity and thus its use of the Product has been unauthorized.

27. Despite its failure to pay the monetary fee owed Energy Acuity, BlueNRGY continues to access Energy Acuity's website and to use the Product, including the Copyrighted Work.

28. By doing so, without authorization from Energy Acuity, or right under law, BlueNRGY has infringed and, upon information and belief, continues to infringe, Energy

Acuity's exclusive rights in the Copyrighted Work in violation of the Copyright Act, 17 U.S.C. § 106.

29. BlueNRGY will continue to infringe the Copyrighted Work unless restrained from doing so.

30. BlueNRGY has knowingly and willfully committed acts of infringement and is directly liable for these acts of infringement.

31. As a direct and proximate result of BlueNRGY's infringement of Energy Acuity's exclusive rights under copyright, Energy Acuity is entitled to actual damages including, but not limited to, the Initial License Fee and the Renewal License Fee.

32. Alternatively, Energy Acuity is entitled to the maximum statutory damages, in the amount of up to $150,000 for BlueNRGY's infringement of the Copyrighted Work, pursuant to 17 U.S.C. § 504(c), or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

33. Energy Acuity is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

34. Plaintiff Energy Acuity hereby incorporates the allegations set forth in paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35. The Agreement is a valid and binding agreement between Energy Acuity and BlueNRGY.

36. Energy Acuity has fully performed and continues to perform all of its obligations under the Agreement, and all conditions precedent to enforcing the Agreement have been met or satisfied.

37. BlueNRGY breached the Agreement by, among other things, failing to pay the amounts due and owing under the Agreement while continuing to benefit from Energy Acuity's performance under the Agreement.

38. Under the express terms of the Agreement, Energy Acuity is entitled to interest on the amounts due and owing under the Agreement as well as costs and expenses incurred in collecting the amounts due and owing under the Agreement, including attorneys' fees.

39. As a direct and proximate cause of BlueNRGY's breach of the Agreement, Energy Acuity has been damaged in an amount to be proven at trial and which includes, without limitation, the Initial License Fee and the Renewal Term License Fee, together with interest and the costs of collection, including attorneys' fees.

### THIRD CLAIM FOR RELIEF
### (Breach of Implied Duty Good Faith and Fair Dealing)

40. Plaintiff Energy Acuity hereby incorporates the allegations set forth in paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41. The Agreement is a valid and binding agreement between Energy Acuity and BlueNRGY and, as such, contains the implied duty of good faith and fair dealing.

42. In performing its obligations under the Agreement, BlueNRGY failed to act in good faith and to deal fairly with Energy Acuity by, among other things, using the Product without paying.

43. As a direct and proximate cause of BlueNRGY's breach of the implied duty of good faith and fair dealing, Energy Acuity has been damaged in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment)

44. Plaintiff Energy Acuity hereby incorporates the allegations set forth in paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45. BlueNRGY has benefitted from its use of the Product by, among other things, obtaining reports with data that can be used for research, strategic planning, business development, sales, and market intelligence.

46. BlueNRGY's use of the Product has been at Energy Acuity's expense because Energy Acuity invested time and resources in developing the Product; Energy Acuity continues to devote resources to updating and improving the Product; and Energy Acuity expends substantial time and money on a daily basis gathering, sorting, and importing data into the Product.

47. BlueNRGY has used the Product without paying Energy Acuity for BlueNRGY's use of the Product.

48. It would be unjust to allow BlueNRGY to benefit from use of the Product without paying Energy Acuity for BlueNRGY's use of the Product.

49. As a direct and proximate cause of BlueNRGY's unjust enrichment, Energy Acuity has been damaged in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### (Civil Theft)

50. Plaintiff Energy Acuity hereby incorporates the allegations set forth in paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51. Through its unlicensed use of the Product, including the generation of reports from the Website, BlueNRGY has obtained Energy Acuity's proprietary information and data without Energy Acuity's authorization.

52. Energy Acuity's proprietary software and data has value and can be used for, among other things, research, strategic planning, business development, sales, and market intelligence.

53. BlueNRGY has not paid for any of the materials it has taken from Energy Acuity, including but not limited to reports generated from the Website containing Product data.

54. BlueNRGY has refused to return any of the materials it has taken from Energy Acuity.

55. Upon information and belief, BlueNRGY does not intend to return any of the materials it has taken from Energy Acuity.

56. As a direct and proximate cause of BlueNRGY's theft of Energy Acuity's Product, Energy Acuity has been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Energy Acuity, LLC prays that the Court enter judgment in its favor and against Defendant BlueNRGY, LLC on the claim asserted herein, and that it be awarded the following relief:

a. An order finding that BlueNRGY has infringed Energy Acuity's copyrights in the Copyrighted Work and requiring BlueNRGY to pay all amounts to prevent BlueNRGY's past and continued infringement of the Copyrighted Work as permitted under 17 U.S.C. § 502;

  b. An award of damages comprising statutory damages as provided in 17 U.S.C. § 504(c), or Energy Acuity's actual damages and the profits obtained by BlueNRGY as provided in 17 U.S.C. § 504(b);

  c. Costs and attorneys' fees as permitted under 17 U.S.C. § 505;

  d. Money damages, including special damages, in an amount to be calculated at trial;

  e. All applicable statutory penalties;

  f. Pre-judgment interest;

  g. Post-judgment interest; and

  h. Any such further relief as this Court deems just and proper under the circumstances.

## JURY DEMAND

Energy Acuity, LLC demands a jury trial on all issues so triable.

Respectfully submitted this 18th day of December, 2015.

*s/ David F. Askman*
David F. Askman
THE ASKMAN LAW FIRM, LLC
2533 West 32nd Ave.
Denver, CO 80211
Tel: 720-855-1533
dave@askmanlaw.com

*ATTORNEYS FOR PLAINTIFF*
*ENERGY ACUITY, LLC*